## Grosvenor *et al. versus* Fogg.

1. Allen married a widow having one child; he devised all his estate to his wife and they afterwards had children; he died leaving his wife and three children; she died intestate, leaving her four children. *Held*, that land belonging to Allen descended upon his three children.

2. Under Act of April 8th 1833 (Wills Act), sect. 1, Allen died intestate as to his children, who took the real estate subject only to the widow's interest under the intestate laws.

3. The widow took no estate of inheritance which she could transmit.

4. Edwards's Appeal, 11 Wright 144; Walker *v.* Hall, 10 Casey 483; Willard's Appeal, 18 P. F. Smith 327, referred to.

March 16th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Luzerne county*: Of January Term 1876, No. 61.

This was an action of ejectment, brought September 26th 1872

[Grosvenor v. Fogg.]

by William Fogg against Thomas Grosvenor and Stephen Cook, for an undivided fourth part of a tract of land in Scott township.

On the 8th of July 1808 Robert Latham owned the whole of the tract in question, and on that day he conveyed to Paddy Allen, under whose title both parties claim, under the following circumstances:—

The plaintiff's father died prior to 1803, leaving a widow named Betsey, and the plaintiff, his only child; the widow married Paddy Allen, who on the 9th of July 1807, made a will, by which he gave all his estate, real and personal, to his wife, Betsey Allen, and made her his executrix. At this time Allen had no children, but there were afterwards born of this marriage, three children, viz., Henson Allen, in 1808, Elizabeth Allen, in 1810, and Mary Ann, now Green, in 1813. Paddy Allen died about 1830; his widow died in 1848, intestate, leaving to survive her, her four children, viz.: the plaintiff and the three Allen children. In 1850, the Allen children conveyed the whole tract to Luther Hubbard; he conveyed it, in 1864, to Thomas Grosvenor, one of the defendants, and in 1869 he conveyed three and a half acres, part of the tract, to Stephen J. Cook, the other defendant.

The case was tried April 6th 1875, before Handley, J.

The plaintiff claimed that upon the death of Paddy Allen and under his will his wife became the owner of this land, and upon her death, intestate, one-fourth of it descended upon him.

The defendants claimed that the birth of the children after the making of the will revoked it, that Paddy Allen died intestate and the land descended upon his widow and three children.

There were other questions raised on the trial and much testimony taken, which it is not necessary to give.

The defendants' first and seventh points and their answers were:—

1. The alleged will of Paddy Allen having been made prior to the birth of his children, without making any provision for them, said Paddy Allen, so far as regards said children, must be deemed and construed to have died intestate, and his children Henson Allen, Elizabeth Allen and Mary Ann Allen, inherited his real estate as fully as if he had actually died without a will.

Answer. "This point we cannot affirm as it is framed by the pleader, but say to you, that Paddy Allen's will was revoked, so far as the interests of the after-born children were concerned. The will stands good for all other purposes intended by the testator; it cannot be deemed and construed that Paddy Allen died intestate."

7. The verdict must be for the defendants.

Answer. "This point we cannot affirm; it is for you to say whether the verdict shall be for the defendants, or for the plaintiff."

The verdict was for the plaintiff for the land claimed in the writ.

The defendants took a writ of error, they assigned seven errors.

31 P. F. SMITH—26

[Grosvenor *v.* Fogg.]

The third was the answer to their first point; the seventh, the answer to their seventh point.

*W. W. Lathrope*, for plaintiffs in error :—The law is stated substantially in the words of the statutes applicable to the case : Act of 8th April 1833, sect. 15, Pamph. L. 259, 2 Br. Purd. 1477, pl. 18 ; Walker *v.* Hall, 10 Casey 484.

—————— *Pike*, for defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, May 8th 1876.

This was an action of ejectment for the undivided one-fourth part of a tract of land. Both parties claimed under title derived from Paddy Allen. Prior to the birth of any of his children he devised all his real and personal estate to his wife, Betsey Allen. After the execution of his will, three children were born to him. They survived their father, and the plaintiffs in error acquired title from them. The defendant in error is a son of Betsey by a former marriage, and claims as the heir of his mother.

Sect. 15 of the Act of the 8th of April 1833, declares, " when any person shall make his last will and testament, and afterwards shall marry, or have a child or children not provided for in such will, and die leaving a widow and child, or either a widow or child, or children, although such child or children be born after the death of their father, every such person, so far as shall regard the widow or child, or children, after-born, shall be deemed and construed to die intestate ; and such widow, child or children shall be entitled to such purparts, shares and dividends of the estate, real and personal, of the deceased as if he had actually died without a will." This section is substantially a re-enactment of the Act of 19th of April 1794.

When Paddy Allen executed his will he had no children. Three were born afterwards. His will made no provision for any of them. He died leaving them. Then, as to them, he died intestate. If he died intestate, these children took all his real estate, subject, only, to his widow's dower. She had no greater interest in her late husband's real estate than the intestate laws gave her. She had no estate of inheritance to hold or to transmit to any of her children. The defendant in error could not inherit this land from her, for she never owned it. He could not inherit from Paddy Allen, as he was not of his blood. This is fatal to the claim of the defendant in error: Walker *v.* Hall, 10 Casey 483 ; Edwards's Appeal, 11 Wright 144 ; Willard's Appeal, 18 P. F. Smith 327. It follows that the third and seventh assignments are sustained. It is unnecessary to consider the others.

Judgment reversed.